RUSSELL–CRONIN CO., Inc., v. DIRECTOR GENERAL OF RAILROADS.

(Circuit Court of Appeals, Second Circuit.    November 7, 1921.)

No. 26.

Appeal from the District Court of the United States for the South-ern District of New York.

Libel by the Russell-Cronin Company, Inc., against the Director General of Railroads. From a decree dismissing the libel, libelant appeals. Affirmed.

Park & Mattison, of New York City (Samuel Park, of New York City, of counsel), for appellant.

Harrington, Bigham & Englar, of New York City (T. Catesby Jones and Leonard J. Matteson, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM.    Decree affirmed.

---

HOLBROOK, CABOT & ROLLINS CORPORATION v. CITY OF NEW YORK.

(District Court, S. D. New York.    July 16, 1921.)

1. Municipal corporations ⟨Key⟩868(1)—Supplemental contract increasing compensation void unless board had prescribed amount of bonds or had available funds.

Under Rapid Transit Act N. Y. § 37, subd. 2, providing that the amount of bonds authorized to be issued and sold thereunder should not exceed the limit prescribed by the board of estimate and apportionment, and no contract should be made until such board should have consented thereto and prescribed a limit to the amount of bonds available for the purposes of that section sufficient to meet the requirements of the contract in addition to prior obligations, the modification of a contract for construction of a rapid transit railway to provide for increased compensation to the contractor was void unless the board had prescribed bonds or had available funds to meet the expenditures involved therein, and such fact should have been pleaded in an action to recover on the modified contract.

2. Statutes ⟨Key⟩219—Executive interpretation usually limited to formal rulings.

While departmental interpretations of statutes are evidence of their construction to which the court should give weight, this is chiefly applied to formal rulings, and not to cases where claims in process of adjustment have been recognized in spite of possible question as to their validity.

3. Municipal corporations ⟨Key⟩354—Statute held not to authorize supplemental contract for completion of rapid transit contract.

Laws N. Y. 1918, c. 586, § 10, authorizing the Public Service Commission (acting under the Rapid Transit Act as the agent of the city of New York) to release contractors from the terms and conditions of their contracts when, by reason of conditions arising from the war, the prosecution of the work is in conflict with public interest or necessity, applies only to a suspension of the work in whole or in part, and does not author-

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes